Akos **SWIERKIEWICZ**, Plaintiff–
Appellant,

v.

**SOREMA, N.A.**, Defendant–Appellee.

No. 00–9010.

United States Court of Appeals,
Second Circuit.

March 12, 2001.

Lauren Reiter Brody, Esq., Rosenman & Colin, LLP, New York, NY, for appellant.

Harold I. Goodman, Esq., Raynes, McCarty, Binder, Ross & Mundy, Philadelphia, PA, for appellee.

Present WALKER, Chief Judge, OAKES, and CALABRESI, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said district court be and it hereby is AFFIRMED.

Plaintiff-appellant Akos Swierkiewicz appeals from an August 1, 2000 judgment of the United States District Court for the Southern District of New York (Preska, *J.*) granting Sorema's motion to dismiss appellant's claims of discrimination based on national origin, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e; and age discrimination, pursuant to the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 626(c)(1). On appeal, Swierkiewicz argues that the district erred in dismissing the complaint because the district court improperly applied a heightened pleading requirement and, in the alternative, if he needed to comply with a heightened pleading requirement, he has done so and that dismissal was therefore unwarranted.

Swierkiewicz, of Hungarian descent, has been a United States citizen since 1970. Defendant-appellee Sorema is a reinsurance company headquartered in New York and principally owned and controlled by a French parent company. In April 1989, Swierkiewicz, at the age of 43, began working for Sorema as a Senior Vice President and Chief Underwriting Officer. In February 1995, Francois Chavel, Sorema's President and Chief Executive Officer, shifted Swierkiewicz's job responsibilities to marketing and services and transferred the bulk of Swierkiewicz's underwriting responsibilities to Nicolas Papadopoulo, a 32–year–old French national. At the time of this transition, Chavel stated that he wanted to "energize" the underwriting department. Swierkiewicz states that over the next two years he was "isolated by Mr. Chaval excluded from business decisions and meetings and denied the opportunity to reach his true potential at Sorema."

In April 1997, Swierkiewicz wrote a memorandum to Mr. Chaval outlining these grievances and concluding that he had no choice but to leave the company providing that a suitable severance package was provided. Two weeks later, Sorema's general counsel informed Swierkiewicz that Swierkiewicz could either resign without a severance package or be terminated. Later that same day, upon Swierkiewicz's refusal to resign, Sorema fired him.

We review the district court's grant of motion to dismiss de novo. *See Tarshis v. Reise Org.*, 211 F.3d 30, 35 (2d Cir.2000).

"It is well settled in this Circuit that a complaint consisting of nothing more than naked assertions, and setting forth no facts upon which a court could find a violation of the Civil Rights Acts, fails to state a claim under Rule 12(b)(6)." *Martin v. New York State Dep't of Mental Hygiene*, 588 F.2d 371, 372 (2d Cir.1978); *see also, Tarshis*, 211 F.3d at 35.

 To plead discrimination based on national origin, a plaintiff must allege (1) membership, (2) qualification for the job in question, (3) an adverse employment action and (4) circumstances that give support to an inference of discrimination. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). With respect to national origin, the only circumstances Swierkiewicz pled are that he is Hungarian, others at Sorema are French, and the conclusory allegation that his termination was motivated by national origin discrimination. We agree with the district court that these allegations are insufficient as a matter of law to raise an inference of discrimination.

 To plead discrimination based on age, a plaintiff must allege that (1) he is in the protected age group, (2) he is qualified for the job, (3) he was discharged and (4) the discharge occurred under the circumstances giving rise to an inference of age discrimination. *See Hollander v. American Cyanamid Co.*, 172 F.3d 192, 198 (2d

Cir.), *cert. denied,* 528 U.S. 965, 120 S.Ct. 399, 145 L.Ed.2d 311 (1999). The only circumstance that Swierkiewicz alleges gives rise to an inference of age discrimination is Chavel's comment in 1995 that Chavel wanted to "energize" the underwriting department. We agree with the district court that this allegation is insufficient as a matter of law to raise an inference of discrimination.

We have considered Swierkiewicz's remaining arguments and consider them to be without merit. For the foregoing reasons, we AFFIRM the judgment of the district court.