Monique C. GOURDINE,
Plaintiff–Appellant,

v.

CABRINI MEDICAL CENTER, Simon
Young, Samer Bondokji,
Defendants–Appellees.

No. 04–2684.

United States Court of Appeals,
Second Circuit.

March 2, 2005.

Monique C. Gourdine, Beaufort, SC, for Appellant, pro se.

Ivanyla D. Vargas, New York, NY, for Appellees.

PRESENT: LEVAL, CABRANES and KATZMANN, Circuit Judges.

## SUMMARY ORDER

Plaintiff, Monique Gourdine, appeals from a final judgment granting defendants' motion to dismiss. As construed by the District Court, plaintiff's complaint alleges Title VII violations against Cabrini Medical Center and defendants Young and Bondokji as well as state law claims for breach of contract, fraud, and forgery.

With regard to plaintiff's Title VII claim for harassment, retaliation, and the denial of a second-year resident position against defendant Cabrini, the District Court found that "[t]here are simply no factual pleadings in the Complaint, aside from Gourdine's conclusory assertions, that these alleged acts were motivated by unlawful discrimination." The Supreme Court has instructed that "a court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) (internal quotations omitted). Plaintiff has alleged in her complaint that she was female and African–American, was singled out for certain treatment, and was denied an advancement opportunity, all based on her race and sex. She also included descriptions of the events and statements upon which her claims were based. The allegations in the complaint thus do give defendants "fair notice of what [plaintiff's] claims are and the grounds upon which they rest," *Id.; see also Phelps v. Kapnolas*, 308 F.3d 180, 186–87 (2d Cir.2002), and therefore do satisfy the pleading requirements at this stage. Accordingly, we vacate the dismissal of the Title VII complaint against defendant Cabrini and remand to the District Court for consideration of plaintiff's Title VII claims based on harassment, retaliation, and the decision not to offer plaintiff the second-year residency.

Though courts generally permit plaintiffs, especially those appearing *pro se*, to replead a fraud claim when the dismissal is based on the failure to meet the particularity requirements of Fed. R.Civ.P. 9(b), the District Court dismissed plaintiff's state law fraud claim without leave to replead based on its determination that any such repleading would be futile because the complaint lacked any allegations from which particularity could be inferred. However, the complaint can be read to allege that: (1) she had applied to the program with the understanding that she would receive a surgical certificate on the completion of her residency; (2) at some point during her residency, she discovered that she would not receive the certificate; and (3) members of the Cabrini staff would not discuss the issue with her. These allegations conceivably could be inferred to state the requisite particularity. Accordingly, we vacate the decision dismissing the claim with prejudice and without leave to amend and remand to the District Court to permit plaintiff to amend her complaint to replead the fraud claim with particularity.

Insofar as the District Court has acknowledged that plaintiff may be able to assert facts sufficient to defeat a motion to dismiss on her state law breach of contract

782

claim, we vacate the dismissal of that claim and remand to the District Court to permit plaintiff to amend her complaint to replead that claim.

We affirm the dismissal of plaintiff's remaining claims against Cabrini, including the Title VII claims regarding her discharge and her military service and her state law forgery claim, as well as all the claims against the individual defendants, for the reasons stated by the District Court in its Decision and Order of March 9, 2004. *Gourdine v. Cabrini Med. Cntr.*, 02 Civ. 9211(VM) (S.D.N.Y. March 9, 2004).

We hereby AFFIRM in part and VACATE in part the judgment of the District Court. The cause is remanded to the District Court for further proceedings consistent with this order.