445 F.3d 586
 Margaret Sipser LEIBOWITZ, Plaintiff-Appellant,
v.
CORNELL UNIVERSITY, New York State School of Industrial and Labor Relations, Edward J. Lawler, Ronald Seeber, Ann W. Martin, Esta R. Bigler and Nick Salvatore, Defendants-Appellees.
Docket No. 05-0868 CV.
 United States Court of Appeals, Second Circuit.
 Argued: October 17, 2005.
 Decided: April 21, 2006.
 
 COPYRIGHT MATERIAL OMITTED David Marek, Liddle & Robinson, LLP (Jeffrey L. Liddle on the brief), New York, New York, for Appellant.
 Wendy E. Tarlow, Office of the University Counsel (Nelson E. Roth, Valerie L. Cross on the brief), Cornell University Ithaca, New York, for Appellee.
 Before: KEARSE, MINER, HALL, Circuit Judges.
 PER CURIAM.
 
 
 1
 On February 24, 2003, Margaret Sipser Leibowitz filed a charge with the Equal Employment Opportunity Commission ("EEOC"), claiming gender and age discrimination arising out of Cornell University's decision not to extend her contract for an additional five-year term. The charges were ultimately dismissed and the EEOC issued Leibowitz a right to sue letter. On December 16, 2003, Leibowitz filed the instant action, asserting claims for age and gender discrimination, in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq., Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq., the Equal Pay Act, 29 U.S.C. § 206(d), as well as state and municipal laws. Leibowitz also sought damages for breach of contract, breach of implied-in-fact contract, and quantum meruit. On February 3, 2005, the United States District Court for the Southern District of New York (Daniels, J.) granted Cornell University's motion to dismiss for failure to state a claim on which relief can be granted. On appeal, Leibowitz challenges the dismissal of her complaint, arguing that the district court erroneously applied a heightened pleading standard and erred in finding that she could not establish an adverse employment action.
 
 
 2
 For the reasons set forth below, we affirm in part, with instructions to the district court to allow Leibowitz to amend her Complaint if she so chooses, and vacate and remand in part, for further proceedings consistent with this opinion.
 
 I. Background
 
 3
 The description that follows is drawn from Leibowitz's complaint. Leibowitz was hired by Cornell University and the New York State School of Industrial and Labor Relations (collectively "Cornell") in 1978 as a Research Associate; she worked in that position for one academic year. In 1983, she returned to Cornell as an Extension Associate I. Extension Associates are professors at one of Cornell's extension offices. In 1987, Leibowitz was promoted to Senior Extension Associate II. She believed that such a position was the functional equivalent of a tenured professorship, and alleges that she was told by two associate deans that she could not be fired except for cause or budget exigencies. She also asserts she was told that Cornell had never fired a Senior Extension Associate II other than for those reasons and that documentation of such a policy exists. From 1987 until Leibowitz was terminated, Cornell continued automatically to reappoint her every five years.
 
 
 4
 In July 2002, Cornell sent a letter to Leibowitz notifying her that, because of budget exigencies, she would not be offered a new five-year contract when the current one expired in October 2002. Cornell did, however, offer to extend Leibowitz's existing contract until May 2003, an offer she reluctantly accepted. In December 2002, however, Leibowitz took advantage of an early retirement package offered by Cornell in conjunction with the State of New York.
 
 
 5
 Leibowitz subsequently commenced this action. In her complaint, she alleged in substance that Cornell has an unofficial policy of treating Senior Extension Associate IIs as tenured professors[1] and that Cornell had violated this policy by refusing to renew her employment because of her age and gender, in violation of Title VII and the ADEA, as well as state and municipal law. See Compl. ¶¶ 56-79. Additionally, Leibowitz alleged a number of other causes of action. She first alleged that Cornell paid her lower wages than it paid to male employees, although she performed equal, if not superior work, in violation of the Equal Pay Act. See id. ¶¶ 80-84. She further alleged that Cornell breached its employment contract with her, see id. ¶¶ 88-89, or alternatively, breached an implied-in-fact contract, under which she was guaranteed lifetime employment, see id. ¶¶ 93-98. Finally, Leibowitz alleged that she continued to perform work for Cornell after accepting early retirement, see id. ¶ 54, and that Cornell owed her wages for that time period under a theory of either implied-in-fact contract, see id. ¶¶ 101-103, or alternatively, quantum meruit, see id. ¶¶ 107-108. Indeed, Leibowitz asserts that she only accepted the early retirement package because Cornell refused to guarantee the lifetime employment she believed she had been given as a Senior Extension Associate II, and so that she could preserve many of the employment benefits she enjoyed in that position.[2]
 
 
 6
 In response, Cornell moved pursuant to Fed.R.Civ.P. 12(b)(6) to dismiss the complaint, arguing that its official policy, as contained in the "ILR Faculty Personnel Policies: Guidelines and Practices" and the "Cornell University Faculty Handbook," requires Senior Extension Associate IIs to be hired for five-year terms, and the official policy provides that these are not considered lifetime tenured positions. For those reasons, Cornell argued, Leibowitz had suffered no adverse employment action, and she therefore could not prevail on an employment discrimination claim, nor could Cornell have breached a contract where none existed. Further, Cornell argued that Leibowitz had failed adequately to allege a breach of implied-in-fact contract, an action for quantum meruit, or a violation of the Equal Pay Act.
 
 
 7
 The district court ruled in favor of Cornell and dismissed the complaint. See Leibowitz v. Cornell Univ., No. 03-9976, 2005 WL 267560, at *5 (S.D.N.Y. Feb.3, 2005). In its ruling, the district court focused in large part on what had been presented as a statement of Cornell's official policies and guidelines, without taking into account the allegations in Leibowitz's Complaint that there existed an unofficial policy that gave her life tenure. Id. at *4. In particular, regarding the employment discrimination claim, the district court relied upon McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), holding that "[u]nder the McDonnell [Douglas] framework, a plaintiff must initially prove, by a preponderance of the evidence, a prima facie case of discrimination." Id. at *3. Applying McDonnell Douglas to its analysis of the Complaint and of Cornell's official policy, the district court found that Leibowitz had failed to establish two elements of the prima facie case: (1) she failed so show that she had suffered an adverse employment action, and (2) she failed to show causation. Specifically, it held that
 
 
 8
 Defendants did not terminate plaintiff's employment. Rather, they chose not to renew her appointment for another five-year term. Defendants extended plaintiff's employment for an additional year after the term of her reappointment expired, and plaintiff's salary and benefits remained unchanged. Plaintiff agreed to continue her employment. She then voluntarily chose to resign and accept an early retirement package in December, even though her employment was guaranteed to continue at least until the end of May. By electing to accept early retirement, plaintiff terminated her own employment. Thus, she was not the subject of an adverse employment action. . . . Since defendants did not terminate plaintiff's employment, she did not suffer an adverse employment action as alleged in her complaint. Accordingly, the [discrimination] causes of action are dismissed.
 
 
 9
 Id. at *5 (citations omitted, emphasis added). Likewise, the district court dismissed Leibowitz's other causes of action finding in substance that her conclusory assertions were insufficient to state viable claims. Id. at 5-8. This appeal followed.
 
 II. Standard of Review
 
 10
 "We review de novo a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir.2002) (citing Gregory v. Daly, 243 F.3d 687, 691 (2d Cir.2001)). A court may not dismiss an action "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).
 
 III. Discussion
 
 11
 Rule 8(a) of the Federal Rules of Civil Procedure requires only that complaints contain "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed.R.Civ.P. 8(a). Indeed, the Rules set forth a pleading standard under which a plaintiff is required only to give a defendant fair notice of what the claim is and the grounds upon which it rests. Accordingly, "[t]he complaint . . . need not `set out in detail the facts upon which' the claim is based." Twombly v. Bell Atlantic Corp., 425 F.3d 99, 107 (2d Cir.2005) (quoting Conley, 355 U.S. at 47, 78 S.Ct. 99).
 
 
 12
 A. Employment Discrimination Causes of Action
 
 
 13
 Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002), which addresses the pleading requirements for employment discrimination claims, is directly on point. In Swierkiewicz v. Sorema, N.A., 5 Fed.Appx. 63 (2d Cir.2001) (unpublished order), this Court had affirmed the district court's dismissal of plaintiff's employment discrimination complaint because he had not adequately alleged a prima facie case of discrimination under McDonnell Douglas. Swierkiewicz. The Supreme Court reversed our decision, holding that "an employment discrimination complaint need not include [specific facts establishing a prima facie case of discrimination] and instead must contain only `a short and plain statement of the claim showing that the pleader is entitled to relief.'" Swierkiewicz, 534 U.S. at 508, 122 S.Ct. 992 (quoting Fed.R.Civ.P. 8(a)(2)). The Supreme Court based its holding, inter alia, on the fact that "[t]he prima facie case under McDonnell Douglas. . . is an evidentiary standard, not a pleading requirement." Id. at 510, 122 S.Ct. 992. Similarly here, the district court erred in requiring Leibowitz to establish a prima facie case of discrimination in her Complaint in order to survive Cornell's motion to dismiss.[3] Read liberally, Leibowitz's complaint alleges that Cornell's unofficial policy was to guarantee lifetime employment to Senior Extension Associate IIs, that she was now precluded from this tenured employment on account of her gender and her age, and that as a result of Cornell's wrongful refusal to honor its policy, she accepted an early retirement package so as not to forgo many of the benefits she enjoyed in that position. These allegations are sufficient to withstand Cornell's motion to dismiss for failure to state a claim on which relief can be granted.
 
 
 14
 Cornell argues that because Leibowitz's contract expired and Cornell chose not to renew it, she has not suffered an adverse employment action. See Gourdine v. Cabrini Med. Ctr., 307 F.Supp.2d 587 (S.D.N.Y.2004) (granting defendant's motion to dismiss discriminatory discharge claim, where plaintiff was not offered continued employment following the expiration of a one-year employment contract, because there was no adverse employment action), aff'd in relevant part, 128 Fed. Appx. 780, 782 (2d Cir.2005) (unpublished order). Leibowitz, however, alleges more than Cornell's mere non-renewal of her contract.[4] She alleges that although Senior Extension Associate II appointments are officially for five-year terms and not for life, unofficially they are considered to be the equivalent of tenured professorships and thus entitled to the same job security. She further alleges that documentation supporting this allegation will likely materialize during discovery. If such documentation bears out the assertion, Leibowitz may be entitled to relief for being discharged without justification from a "tenured" position. The mere allegation that such evidence does exist is sufficient to support the inferences to be drawn therefrom and thus overcome a motion to dismiss for failure to state a claim on which relief can be granted. See, e.g., Hishon v. King & Spalding, 467 U.S. 69, 76, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984) (allegations of a promise to consider plaintiff for partnership and a regular expectation of such by associates, "if proved at trial, would suffice to show that partnership consideration was a term, condition, or privilege of an associate's employment at respondent's firm," and such allegations are thus sufficient to overcome a motion to dismiss). It is clear that "the Federal Rules do not contain a heightened pleading standard for employment discrimination suits," Swierkiewicz, 534 U.S. at 515, 122 S.Ct. 992, that would defeat such a claim at this stage of the proceedings. Whether Leibowitz can ultimately prevail on that claim is a question to be answered at a later date.
 
 
 15
 Cornell also argues that even if Leibowitz was entitled to lifetime employment, she chose to retire, thereby severing any existing employment relationship and precluding her from claiming an adverse employment action. As noted, however, although Leibowitz did take advantage of an early retirement package, it is clearly pleaded that she did so only to preserve benefits that she would have otherwise enjoyed as a Senior Extension Associate II and that she would not have retired if her job was secure. Leibowitz's decision to retire, given the explanation she provided for doing so, cannot become a basis for dismissing her employment discrimination claim at this stage of the proceedings.
 
 B. Other Causes of Action
 
 16
 The district court's dismissal of two of Leibowitz's other causes of action, save those for breach of an implied-in-fact contract and quantum meruit, was also in error. Relying solely on Cornell's statement of official policy, the district court dismissed the breach of contract claim because "the allegations in the complaint fail[ed] to show that a contract existed between [Leibowitz] and [Cornell] ensuring her employment indefinitely," Leibowitz, 2005 WL 267560, at *6, and the implied-in-fact contract claim because her allegations were "inconsistent with a finding that the parties agreed, by their conduct, to be bound to a contract affording [Leibowitz] lifetime employment," id. at *7. The allegation, however, that there existed an unofficial Cornell policy that created a contractual relationship — be it express or implied in fact — between Leibowitz and Cornell is sufficient to meet the requirements of Fed.R.Civ.P. 8(a). See Hanna v. Plumer, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965) (holding that in diversity cases, federal courts are to apply state substantive law and federal procedural law).
 
 
 17
 With respect to the Equal Pay Act claim, the district court concluded that the "bald assertion" that male employees were paid more than Leibowitz for similar work was "insufficient to make out a prima facie case under the [Equal Pay Act]." Leibowitz, 2005 WL 267560, at *5. Again, at this stage of the proceedings a plaintiff need not make out a prima facie case. She need only plead facts sufficient to "show [her] entitle[ment] to relief," Fed.R.Civ.P. 8(a), and to give a defendant fair notice of what the claim is and the grounds upon which it rests. See Conley, 355 U.S. at 47, 78 S.Ct. 99.
 
 
 18
 On the other hand, with respect to the last two counts of Plaintiff's complaint, the district court properly dismissed Leibowitz's claims for breach of implied-in-fact contract and quantum meruit arising out of the work she claims she performed during January 1 to May 30, 2003, after accepting early retirement. Her pleadings were insufficient as a matter of law. Leibowitz's complaint with respect to the implied-in-fact contract cannot survive Cornell's motion to dismiss because she does not allege with respect to this period of time mutual assent of any intent on the part of Cornell to enter into a contractual arrangement with her. See Nadel v. Play-By-Play Toys & Novelties, Inc., 208 F.3d 368, 376 n. 5 (2d Cir.2000) ("[A]n implied-in-fact contract arises `when the agreement and promise have simply not been expressed in words,' but `a court may justifiably infer that the promise would have been explicitly made, had attention been drawn to it.' . . . An implied-in-fact contract `requires such elements as consideration, mutual assent, legal capacity and legal subject matter.'") (quoting Maas v. Cornell University, 94 N.Y.2d 87, 93-94, 699 N.Y.S.2d 716, 721 N.E.2d 966 (1999)). Leibowitz also inadequately pled a cause of action in quantum meruit in that she failed to allege any basis for a finding that, in the absence of contract, Cornell should be required to pay for her work as a matter of equity.
 
 
 19
 With respect to these latter two claims, therefore, we affirm the district court's dismissal of them. That said, this is the first time these two claims have been dismissed for failure to state a cause of action, and it cannot be said at this point that Liebowitz can plead no set of facts to support them. Because we remand the case for consideration of Leibowitz's first six causes of action, we instruct the district court to grant Leibowitz leave to amend the Complaint with respect to the implied-in-fact contract and quantum meruit claims if she chooses to do so. See, e.g., Dooner v. Keefe, Bruyette & Woods, Inc., 157 F.Supp.2d 265, 286 (S.D.N.Y.2001). In clarifying the pleading standard for employment discrimination claims, moreover, we offer no opinion on the merits of Leibowitz's allegations. Indeed, this opinion does not foreclose the possibility of the district court's eventually entering summary judgment dismissing any claim that depends on an element for which, after discovery, Leibowitz adduces no evidence sufficient to show a triable issue of fact.
 
 IV. Conclusion
 
 20
 For the foregoing reasons, we AFFIRM in part, and VACATE and REMAND in part, for further proceedings consistent with this opinion.
 
 
 
 Notes:
 
 
 [1]
 Specifically, Leibowitz alleged:
 
 
 [22]
 [When promoted to Senior Extension Associate II], Cornell and the ILR School led Ms. Leibowitz to believe that she had tenure
 
 
 [23]
 Ms. Leibowitz relied on Cornell's and the ILR School's representation, as told to Ms. Leibowitz by Associate Deans Lois Gray and Ronald Seeber, that upon her successful completion of the "peer review process" and Cornell and the ILR School's appointing her a Senior Extension Associate II she had the equivalent of "tenure," and, accordingly, could not be fired other than for cause or budgetary exigencies whereby the school was unable to continue paying her salary
 
 
 [24]
 Upon information and belief, Cornell and the ILR School have treated nearly all other Senior Extension Associates II who successfully underwent the "peer review process" as if they had tenure
 Compl. ¶¶ 22-24.
 
 
 [2]
 Leibowitz's attorney made clear at oral argument on the motion to dismiss that "we have never argued that there was either constructive discharge or a forced resignation." Transcript of Oral Argument at 9,Leibowitz v. Cornell Univ., No. 03-9976, 2005 WL 267560, at *5 (S.D.N.Y. Feb.3, 2005). Rather, Leibowitz alleges that the adverse employment action she suffered was Cornell's decision not to consider her a tenured professor and thus not to renew her contract indefinitely, each time it came up for renewal.
 
 
 [3]
 In findingMcDonnell Douglas applicable at the pleading stage, the district court erroneously relied upon cases that were either abrogated by the Supreme Court's decision in Swierkiewicz or decided upon motions for summary judgment, as distinguished from motions to dismiss. See Abdu-Brisson v. Delta Air Lines, Inc., 239 F.3d 456, 466 (2d Cir.2001) (summary judgment); Tarshis v. Riese Org., 211 F.3d 30, 35 (2d Cir.2000) (abrogated); Esterquest v. Booz-Allen & Hamilton, Inc., No. 97 Civ. 6957, 2002 WL 237846, *4 (S.D.N.Y. Feb. 19, 2002) (summary judgment).
 
 
 [4]
 By letter dated December 20, 2005, Leibowitz seeks to supplement the record with evidence that Cornell, in fact, terminated her employment. We decline to supplement the record, however, because she has failed to satisfy Fed. R.App. P. 10(e)(2), which requires an appellant to provide evidence of an erroneous or accidental omission of material evidence in order for the record to be supplemented. Leibowitz has failed to provide such evidence or even to argue that such is the case here. Likewise, it would be inappropriate to supplement the record with this new evidence pursuant to Fed. R.App. P. 28(j)See DiBella v. Hopkins, 403 F.3d 102, 118 (2d Cir.2005) (noting that Rule 28(j) "cannot be used to submit new evidence to the appeals court").