Jonathan **GOULD**, Plaintiff–Appellant,

v.

**LIGHTSTONE VALUE PLUS REAL ESTATE INVESTMENT TRUST, INC.**, Defendant–Appellee.

No. 07–2609–cv.

United States Court of Appeals, Second Circuit.

Dec. 9, 2008.

---

Steven R. Popofsky, Gersten Savage LLP, New York, NY, for Appellant.

Diane Hester, (Charles E. Joseph, of counsel), Joseph & Herzfeld LLP, New York, NY, for Appellee.

Present: Hon. ROBERT D. SACK, Hon. RICHARD C. WESLEY, Circuit Judges, Hon. LAWRENCE E. KAHN,* District Judge.

**SUMMARY ORDER**

Jonathan Gould brought this action in diversity in the United States Court for the Southern District of New York (Sweet, J.) to recover compensation in quantum meruit and unjust enrichment against Lightstone Value Plus Real Estate Investment Trust, Inc. ("Lightstone REIT"). Gould claimed he is entitled to compensation for work done for the Lightstone REIT during 2004. In its defense, Lightstone REIT claimed compensation for Gould's work is governed by a provision in a contract ("Stonemar contract") between Gould and Lightstone Group, LLC, Lightstone REIT's parent company. That provision reads,

> Not withstanding anything contained in this agreement, . . . any participation by the consultant in the 'Lightstone REIT' . . . [is] expressly excluded from this Agreement, and compensation, if any, shall be governed via a separate written agreement between parties.

The district court determined this provision unambiguously "provided that Gould would receive payment only pursuant to a written agreement." Because the district court found that the provision unambiguously covered the subject matter of Gould's compensation, and because a claim for quantum meriut can only survive if not governed by a contract, the district court granted Lightstone REIT's motion under Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief could be granted. Alternatively, the district court held that even if a quantum meriut claim was appropriate, Gould was still unable to prove that he had a reasonable expectation of compensation because Lightstone REIT filed a document with the SEC stating its officers would not receive compensation and Gould, as Senior Vice President of Acquisitions and a member of Lightstone REIT's board of directors, participated in the filing. In

* The Honorable Lawrence E. Kahn, United States District Court for the Northern District of New York, sitting by designation.

addition, Lightstone REIT now claims that 17 C.F.R. § 229.402(a)(2), which requires disclosure of the compensation of certain officers, also put Gould on notice that he would not be compensated.

First, we find that the provision is ambiguous. Therefore it is unclear whether the provision covers the subject matter at issue, namely, whether Gould should be compensated for services rendered to Lightstone REIT. Second, we do not believe the SEC filing proves as a matter of law that Gould could not have a reasonable expectation of compensation for his work. Accordingly, we reverse and remand.

We assume the parties' familiarity as to the facts, the procedural context, and the specification of appellate issues.

This Court reviews a district court's dismissal for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6) *de novo*, construing the complaint liberally and drawing all reasonable inferences in the plaintiff's favor. *Leibowitz v. Cornell University*, 445 F.3d 586, 590 (2d Cir.2006). A motion to dismiss should only be granted if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

"In order to recover in quantum meruit under New York law, a claimant must establish (1) the performance of services in good faith, (2) the acceptance of the services by the person to whom they are rendered, (3) an expectation of compensation therefor, and (4) the reasonable value of the services." *Mid–Hudson Catskill Rural Migrant Ministry v. Fine Host Corp.*, 418 F.3d 168, 175 (2d Cir.2005) (internal quotation marks omitted). A party cannot recover in quantum meruit "if the parties have a valid, enforceable contract that governs the same subject matter as the quantum meruit claim." *Id.* To determine that, as a matter of law, the Stonemar contract provision covers the subject matter at issue-Gould's compensation for work done for the Lightstone REIT—we must find that the language unambiguously covers this subject matter. *See Crane Co. v. Coltec Indus., Inc.*, 171 F.3d 733, 737 (2d Cir.1999)

"Contract language is unambiguous when it has a definite and precise meaning, unattended by danger of misconception in the purport of the contract itself, and concerning which there is no reasonable basis for a difference of opinion." *Revson v. Cinque & Cinque, P.C.*, 221 F.3d 59, 66 (2d Cir.2000) (internal quotation marks omitted). We think the Stonemar contract provision is ambiguous.

The provision states that compensation, if any, to a "consultant" for "participation" in the Lightstone REIT, "shall be governed via a separate written agreement." First, it is unclear who is governed by this provision. The provision uses the term "consultant" with a lower-case "c", which is not a term defined in the contract. The remainder of the paragraph that contains the provision at issue references "Consultant" with an upper-case "C", which is defined as Stonemar Capital, LLC, not Gould. The remainder of the paragraph contains no other references to a "consultant." Moreover, elsewhere, the Stonemar contract contained several references to Gould, in his individual capacity, as "you", as distinct from references to "the Consultant." Therefore, it is not apparent who is included in the term "consultant."

Second, assuming, as both parties do, that Gould is a "consultant," it is not clear whether the contract contemplates this particular factual scenario, namely, whether Gould should be compensated for services performed for the Lightstone REIT

where no writing has been made. The district court found that the provision meant, "in the event Gould were to receive compensation, it must be pursuant to a written agreement." The provision could just as reasonably be interpreted to mean that compensation must be governed by a written agreement if such an agreement exists, but does not limit compensation for services rendered in the absence of a written agreement. Also, it is unclear whether the provision requires Gould to seek a written agreement for compensation or whether the provision is merely an agreement to agree that compensation for work done for Lightstone REIT will be determined at a later time. If the latter is true, this would make the provision unenforceable as an illusory promise. *See Tractebel Energy Marketing, Inc. v. AEP Power Marketing, Inc.*, 487 F.3d 89, 95 (2d Cir. 2007) (" '[A] mere agreement to agree, in which a material term is left for future negotiations, is unenforceable.' ") (quoting *Joseph Martin, Jr., Delicatessen, Inc. v. Schumacher*, 52 N.Y.2d 105, 109, 436 N.Y.S.2d 247, 417 N.E.2d 541 (1981))(alteration in original). Therefore, we find the provision ambiguous and its meaning must be determined by a trier of fact.[1] *See New Windsor Volunteer Ambulance Corps, Inc. v. Meyers*, 442 F.3d 101, 111 (2d Cir.2006) ("[I]f the contract is ambiguous and relevant extrinsic evidence as to its meaning is available, its interpretation is a question of fact for the factfinder.").

Also, Lightstone REIT's SEC filing and disclosure requirements under 17 C.F.R. § 229.402(a)(2) do not prove as a matter of law that Gould had no reasonable expectation of receiving compensation for his work. Lightstone REIT's filing with the SEC stated that no officers were to be compensated. It is not clear from the record whether the work Gould did constituted the work of an officer, especially in light of the fact that both parties assume he is covered by the term "consultant" in the Stonemar contract provision.

Section 229.402(a)(2) is equally unhelpful in determining the reasonableness of any expectation of compensation. There is no evidence that Gould qualified as one of the officers whose compensation Lightstone REIT would be required to disclose under § 229.402(a)(2). In fact, Lightstone REIT's counsel conceded as much at oral argument.

For the reasons set forth above, the judgment of the district court is REVERSED and the case REMANDED for further proceedings.

---

1. According to the district court, Gould did not allege ambiguity. However, to determine whether the provision covers the subject matter in question, we must determine its meaning, as the district court did. That analysis inherently draws us into determining whether the provision has more than one plausible meaning, i.e., whether it is ambiguous.