09-2109-cv
Tehan v. Sacred Heart University

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 20th day of July, two thousand ten.

PRESENT:
> PIERRE N. LEVAL,
> BARRINGTON D. PARKER,
> PETER W. HALL,
> > *Circuit Judges*.

---

Margaret Tehan,

> *Plaintiff-Appellant*,

> v.                                                                          09-2109-cv

Sacred Heart University,

> *Defendant-Appellee*,

---

FOR APPELLANT:          Margaret Tehan, *pro se*, Guilford, CT.

FOR APPELLEE:           James M. Sconzo and Jonathan C. Sterling, Jorden Burt LLP, Simsbury, CT.

Appeal from a judgment of the United States District Court for the District of

Connecticut (Dorsey, *J.*).

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED**, and that Tehan's motions to submit new evidence be **DENIED**.

Appellant Margaret Tehan, *pro se*, appeals the judgment of the district court granting Sacred Heart University's ["SHU"] motion for summary judgment as to her claims for gender discrimination and retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq*. Tehan also appeals the district court's dismissal, pursuant to D. Conn. Local Rule 41(b), of her sexual harassment claim, following a reported settlement, as well as the court's denial of her motion for an evidentiary hearing on her allegation that SHU altered exhibits during the proceedings below. Finally, Tehan moves in three separate motions to submit nearly fifty additional exhibits that were not considered by the district court. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

I.      Summary Judgment Motion

We review orders granting summary judgment *de novo* and focus on whether the district court properly concluded that there was no genuine issue as to any material fact and the moving party was entitled to judgment as a matter of law. *See Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003); *Republic Nat'l Bank v. Delta Air Lines*, 263 F.3d 42, 46 (2d Cir. 2001). In determining whether there are genuine issues of material fact, we are "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003) (internal quotations omitted).

After a thorough review of the record, we conclude that the district court properly granted summary judgment to SHU on Tehan's gender discrimination and retaliation claims. Separate and apart from her sexual harassment allegations (as to which the district court denied SHU's motion for summary judgment), the court correctly found that Tehan had failed to demonstrate that she suffered an adverse employment action as related to her discrimination claim, as the incidents she identified constituted, at most, a "mere inconvenience or an alteration of [her] job responsibilities." *Galabya v. New York City Bd. of Ed.*, 202 F.3d 636, 640 (2d Cir. 2000). In addition, assuming that Tehan set forth a *prima facie* case of retaliation, she failed to raise a genuine issue of material fact as to whether SHU's proffered non-discriminatory reason for her termination—i.e., its decision to outsource its website design functions—was a pretext for retaliation. Accordingly, we affirm the district court's grant of summary judgment to SHU on these claims for the reasons articulated by that court.

II.     Dismissal of Tehan's Complaint

The district court properly dismissed Tehan's complaint, and thus her remaining sexual harassment claim, pursuant to D. Conn. Local Rule 41(b). The record makes clear that the district court timely sent notice to both parties that, following their reported intention to settle, the case would be dismissed if closing papers were not filed by a certain date, and the court even extended that deadline on Tehan's request. Nevertheless, Tehan failed to file closing papers by that date, and while we are sympathetic to the fact that she suffered a medical emergency on the day the papers were due, her failure was not because of her emergency. The settlement offer is still open to her and she continues to refuse to accept the terms she had agreed to.

III.    Discovery Rulings

Tehan asserts that the district court erred by denying her request for an evidentiary hearing on her allegation that SHU altered her exhibits, and further erred by rejecting her claim that this alteration occurred. These arguments are unavailing. We review a district court's discovery orders for abuse of discretion, *see Indep. Order of Foresters v. Donald, Lufkin & Jenrette, Inc.*, 157 F.3d 933, 937 (2d Cir. 1998), and will reverse such a ruling only if "the action taken was improvident and affected the substantial rights of the parties," *Goetz v. Crosson*, 41 F.3d 800, 805 (2d Cir. 1994). Similarly, we review the district court's denial of a motion for an evidentiary hearing for abuse of discretion. *See Zappia Middle East Constr. Co. v. Emirate of Abu Dhabi*, 215 F.3d 247, 253 (2d Cir. 2000) ("The district court's denial of an evidentiary hearing is subject to an abuse of discretion standard of review.").

Here, the district court appropriately concluded that SHU had neither the means nor the opportunity to alter the exhibits in question, which, upon our review, are not particularly relevant to Tehan's substantive claims. Moreover, that Tehan submitted more than one thousand pages to the district court in support of her argument, and that SHU filed an equally comprehensive reply, demonstrates that the court did not err in rejecting her request for an evidentiary hearing; it is clear the court had more than sufficient materials upon which to render a decision.

We have considered Tehan's remaining arguments on appeal and conclude that they have no merit.

IV.    Motions to Submit New Evidence

Tehan seeks to introduce nearly fifty exhibits that were not considered below. We have held that, where a party seeks to introduce evidence on appeal that was not submitted to the

4

district court, and is thus not part of the record on appeal, he or she must satisfy the requirements of Fed. R. App. P. 10(e)(2) by demonstrating that such evidence was erroneously or accidentally omitted from the record. *See Leibowitz v. Cornell University*, 445 F.3d 586, 592 n.4 (2d Cir. 2006) (declining to supplement the record with new evidence where appellant did not show that it was mistakenly omitted from the record on appeal). Tehan cannot satisfy this standard. There is no indication that she ever attempted to submit her new exhibits to the district court or that they were submitted but then mistakenly omitted from the record on appeal. Her motions are therefore denied.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**, and Tehan's pending motions are **DENIED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk